UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

B&R CAPITAL, LLC,
    Plaintiff,

vs.                                                            Case No.: 3:26cv787/MCR/ZCB

WAYCROSS MANAGEMENT,
LLC, et al.,
    Defendants.

_____/

## REPORT AND RECOMMENDATION

Presently before the Court is Plaintiff's "Emergency Motion for Preliminary Injunction." (Doc. 3). Defendants Waycross Management, LLC and Southern Lion, LLC (the "Entity Defendants") have not appeared in the case. The Clerk of Court, therefore, issued an entry of default against them. (Doc. 29). The remaining Defendant, Jenny Lee Cockrell, is proceeding *pro se*. (Doc. 24). Plaintiff's motion seeks a preliminary injunction against the Entity Defendants and not Defendant Cockrell. (Doc. 3). For the reasons below, Plaintiff's motion should be granted.

1

## I. Background

On December 4, 2022, Defendant Waycross and Plaintiff agreed to the sale of two mobile home parks located at 513 Waycross Avenue, Pensacola, Florida and 207 Waycross Avenue, Pensacola, Florida ("Properties"). (Doc. 1 at 3). Defendant Waycross executed and delivered two promissory notes (Docs. 1-1; 1-2) to Plaintiff for the sale of the Properties. (Doc. 1 at 5-6). Defendant Cockrell executed these promissory notes on behalf of Defendant Waycross as its manager. (*Id.*). Defendant Cockrell informed Plaintiff that another entity would hold title and manage the Properties as trustee. (*Id.* at 6).

On December 4, 2022, Plaintiff, Defendant Waycross, and Defendant Southern Lion executed two trust agreements. Those agreements named Plaintiff and Defendant Waycross as co-beneficiaries and Defendant Southern Lion as trustee. (*Id.*). The trust agreements are known as the Waycross 513 Land Trust and the Waycross 207 Land Trust (the "Trust Agreements" and "Trusts"). Defendant Cockrell executed the Trust Agreements as manager for Defendants Waycross and Southern Lion. (Docs. 1-3 at 9; 1-4 at 9).

The Trust Agreements permit Defendant Waycross to maintain possession and management of the Properties so long as it remains current on its obligations on the two related promissory notes. (Doc. 1 at 7-8). The Trust Agreements further provide that, upon certain uncured defaults, Defendant Waycross must deliver possession of the Properties to Plaintiff, and Defendant Southern Lion must sell the Trusts' assets and divide the proceeds of the sale among the beneficiaries in accordance with their respective interests. (*Id.* at 8-11).

Plaintiff alleges that Defendant Waycross has defaulted on the promissory notes yet continues to possess the Properties in contravention of the Trust Agreements. (*Id.* at 26-27). Plaintiff further alleges that Defendant Southern Lion has failed to administer the Trusts in accordance with their terms and has breached its fiduciary duties. (*Id.* at 34-44).

On February 4, 2026, Plaintiff filed its complaint against Defendants Waycross, Southern Lion, and Cockrell. Plaintiff also moved for a preliminary injunction against the Entity Defendants. (Docs. 1, 3). The Entity Defendants have failed to respond to the motion for preliminary injunction or otherwise appear in this case. In support of its

3

motion for a preliminary injunction, Plaintiff has submitted the Trust Agreements and promissory notes.  (Docs. 3-2; 3-3; 3-4; 3-5).  Plaintiff has also submitted the declaration of Reid Harvey, one of Plaintiff's members.  (Doc. 3-1).

Plaintiff's motion for a preliminary injunction seeks to: (i) remove Southern Lion as trustee; (ii) enjoin and restrain the Entity Defendants from possessing or managing the Trusts' assets; (iii) appoint a special fiduciary to take possession of and manage the Trusts' assets and generally administer the Trusts; and (iv) compel Southern Lion to provide a full and complete accounting.  (Doc. 3 at 2, 33-34).

## II.    Discussion

Because the Entity Defendants have not filed a memorandum in opposition to the Plaintiff's motion, the Court could grant the motion by default.  *See* N.D. Fla. Loc. R. 7.1(H).  Nevertheless, the Court will provide a discussion of the preliminary injunction factors.  To obtain a preliminary injunction, the moving party must show: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause

the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016). "A preliminary injunction is an extraordinary and drastic remedy, and [the plaintiff] bears the burden of persuasion to clearly establish all four of these prerequisites." *Id.* Further, a clerk's entry of default causes all well-pleaded allegations of fact to be deemed admitted. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014). The Court will now proceed to discuss the preliminary injunction factors as they relate to Defendant Southern Lion and Defendant Waycross.

### A.    Defendant Southern Lion

### 1. Substantial likelihood of success on the merits

First, Plaintiff has established a substantial likelihood on the merits with respect to Defendant Southern Lion. A claim for breach of fiduciary duty under Florida law has three elements: (1) existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach. *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002). Further, "[a] violation by a trustee of a duty the trustee owes to a

beneficiary is a breach of trust." *Revah v. Revah,* 424 So. 3d 971, 980 (Fla. Dist. Ct. App. 2025).

Based on the admitted allegations, Defendant Southern Lion owed a fiduciary duty to the Plaintiff, a beneficiary, while acting as trustee. (Doc. 1 at 29-30). Plaintiff will likely be able to prove that Defendant Southern Lion breached its duty of good-faith administration and the duty to inform and account.[1] (*Id.* at 34-44). Defendant Southern Lion breached the duty of good faith administration. In the Complaint, Plaintiff alleges that Defendant Southern Lion failed to disburse the rent proceeds from the Properties in accordance with the Trust Agreements. (*Id.* at 41). Defendant Southern Lion has admitted, by virtue of its default, that it did not disburse the proceeds in accordance with the Trust Agreements. *See generally LaCava v. Oleksyk,* No. 822CV02422WFJTGW, 2023 WL 6046817, at *7 (M.D. Fla. Sept. 15, 2023) (trustee breached the duty of good faith administration by refusing to disburse funds pursuant to the trust instrument).

---

[1] Based upon the admitted allegations in the complaint, Southern Lion breached other duties under Florida law. The Court, however, will not discuss each specific breach. (*See* Doc. 1 at 29-46).

Second, Plaintiff is likely to succeed in showing that Defendant Southern Lion breached its duty to inform and account. Under Florida law, Defendant Southern Lion owes Plaintiff a duty to inform and account, which requires Defendant Southern Lion to keep Plaintiff reasonably informed regarding the Trusts and their administration. *See* Fla. Stat. § 736.0813(1); *see also Revah*, 424 So. 3d at 979 ("A beneficiary has an enforceable right to receive an accounting from the trustee.") (cleaned up). Plaintiff alleges that Defendant Southern Lion has failed to provide Plaintiff with an accounting of the Trusts or with relevant information regarding assets and liabilities. (Doc. 1 at 35). Defendant Southern Lion has admitted, by virtue of its default, that it failed to provide an accounting. *See generally Bravo v. Sauter*, 727 So. 2d 1103, 1107 (Fla. Dist. Ct. App. 1999) ("A trustee is under a strict duty to keep and render a complete and accurate record and accounting as to its trusteeship to the beneficiary.").

Accordingly, based upon the admitted allegations, the documents filed in support, and a review of the entire record, Plaintiff has shown a substantial likelihood of success on the merits that Defendant Southern Lion breached its duties.

### 2. Irreparable injury

"The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990). "The [irreparable] injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

Here, Plaintiff has shown that absent injunctive relief, both Plaintiff and the Trusts' assets will face continuing, imminent, and irreparable harm. It appears that Defendant Southern Lion has committed multiple breaches of its fiduciary duties. Tax deed applications have been filed for the Properties, and a public auction is scheduled to occur unless the outstanding tax certificates are redeemed. (Doc. 33 at pp. 4-5; Doc. 33-1). Defendant Southern Lion has failed to provide any form of trust accounting. *See Landau v. Landau,* 230 So. 3d 127, 129 (Fla. Dist. Ct. App. 2017) (affirming an injunction freezing trust assets based on the trustee's failure to provide trust accounting). Further, it appears there is a real danger that Defendant Southern Lion has allowed, and will continue to allow, the Property to fall into disrepair.

*See generally Korn v. Ambassador Homes, Inc.*, 546 So. 2d 756, 757 (Fla. Dist. Ct. App. 1989) ("A temporary injunction lies to freeze the res of an alleged constructive trust upon a showing, as here, that the res is in probable danger of dissipation and that there is a reasonable likelihood of success on the merits with respect to the constructive trust claim.").

### 3. Balance of equities

In balancing the equities, the Court "must weigh the harm to the moving party if the injunction is not granted against the harm to the non-moving party if the injunction is granted." *Metalcraft of Mayville, Inc. v. Toro Co.*, 848 F.3d 1358, 1368 (Fed. Cir. 2017). Here, Plaintiff is requesting that the Trusts be administered in accordance with the Trust Agreements. It appears Defendant Southern Lion has failed to comply with multiple duties set forth in the Trust Agreements and Florida law. It appears that these failures have damaged both the Trusts' assets and Plaintiff's interest. Although the preliminary injunction will result in the removal of Southern Lion as trustee, Plaintiff faces greater harm from the improper administration of the Trusts and the dissipation of the Trusts' assets. Thus, the Court finds that the balance of equities favors Plaintiff.

### 4. Public interest

Looking to the last factor, Plaintiff's requested relief is aimed at protecting and preserving the Trusts' assets and ensuring that the terms of the Trusts are followed. An injunction does not "disserve the public interest where, as here, there are contractual rights at issue, and the public has a cognizable interest in the protection and enforcement of contractual rights." *Telemundo Media, LLC v. Mintz,* 194 So. 3d 434, 436 (Fla. Dist. Ct. App. 2016) (cleaned up). Thus, the Court finds that issuing a preliminary injunction would not disserve the public interest.

Based on the admitted allegations in the complaint and the documents filed in support, the Court finds a preliminary injunction against Defendant Southern Lion is appropriate. *See Freeman as Tr. of Fiddlesticks Land Tr. U/A/D Sept. 25, 1984 v. Berrin,* 352 So. 3d 452, 458 (Fla. Dist. Ct. App. 2022) (affirming removal of a trustee via temporary injunction where the trustee failed to administer the trust pursuant to its terms, failed to administer the trust in good faith and in the interests of the beneficiaries, and failed to provide accountings and an explanation of expenses).

10

## B.    Defendant Waycross

### 1. Substantial likelihood of success on the merits

Plaintiff has shown a substantial likelihood of success on its claim that Defendant Waycross breached a contract. To show a breach of contract, Plaintiff must prove 1) a valid contract, 2) a material breach, and 3) damages. *Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP,* 137 So. 3d 1081, 1094–95 (Fla. Dist. Ct. App. 2014). By virtue of the entry of default, Defendant Waycross has admitted that there was a valid contract, a material breach, and damages. (Doc. 1 at 26-29). Thus, Plaintiff has shown a substantial likelihood of success on the merits.

The Trust Agreements state that Defendant Waycross's "possessory interest shall be contingent upon [Waycross] making the payments to [Plaintiff] in accordance with this agreement and Promissory Note attached. . . and [Waycross] reasonably maintaining the property." (Doc. 1-3 at 6). Plaintiff has shown, and Defendant Waycross has admitted, that Plaintiff has not received payment on the promissory note since October 22, 2024. (Doc. 1 at 26). Indeed, Defendant Waycross has admitted it is in default. (Doc. 3-10 at 2). Additionally, Plaintiff has shown that Escambia County has issued two code enforcement violations

against the property, which is evidence that Defendant Waycross has failed to maintain the properties as required.  (Doc. 1 at 26; Docs. 3-12; 3-13).  Accordingly, the Court finds that there is a substantial likelihood that Plaintiff will succeed in showing that Defendant Waycross has committed a breach of contract.

### 2. Irreparable injury

Turning to the second factor, Plaintiff has shown that absent a preliminary injunction, both Plaintiff and the Trusts' assets face continuing and irreparable harm.  "An injunction is a proper tool for preventing waste regardless of any showing of irreparable harm." *Kail v. Supernant*, No. 8:15-cv-2719-T-27TGW, 2017 U.S. Dist. LEXIS 105043 at *32 (M.D. Fla. July 7, 2017) (cleaned up).  During Defendant Waycross's continued possession, the Property has been subject to liens and daily fines because of code violations. This has placed, and will continue to place, the Trusts' assets at risk of dissipation and loss.  *Id.* (granting an injunction where the defendant was allowing the property to fall into disrepair pending sale).

### 3. Balance of equities

With respect to the third factor, the Court "must weigh the harm to

the moving party if the injunction is not granted against the harm to the non-moving party if the injunction is granted." *Metalcraft*, 848 F.3d at 1368. Plaintiff seeks injunctive relief to protect the Trusts' assets from further dissipation and loss until the merits of this controversy can be decided. Accordingly, the Court finds that the balance of equities favors Plaintiff.

### 4. Public interest

Turning to the final factor, an injunction does not "disserve the public interest where, as here, there are contractual rights at issue, and the public has a cognizable interest in the protection and enforcement of contractual rights." *Telemundo Media, LLC,* 194 So. 3d at 436. (cleaned up). Further, "ensuring that no waste, disrepair, or dissipation occurs at the property prior to its sale serves the public interest by maximizing the value of the property and ensuring its marketability." *Kail*, 2017 U.S. Dist. LEXIS 105043, at \*32. Here, Plaintiff seeks to enforce its contractual rights and to prevent waste. Thus, the Court finds that a preliminary injunction would not disserve the public interest.

## C.    No bond is required

Under Rule 65(c), a "court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "[I]t is well-established that the amount of security required by the rule is a matter within the discretion of the trial court, and the court may elect to require no security at all." *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Servs., LLC,* 425 F.3d 964, 971 (11th Cir. 2005). Courts have waived the security requirement where a plaintiff has a high probability of succeeding on the merits of its claims. *TracFone Wireless, Inc. v. Washington,* 978 F. Supp. 2d 1225, 1235 (M.D. Fla. 2013). Additionally, courts have also waived the security requirement in cases where no bond is requested, "no evidence is presented that a party will suffer damages from the issuance of an injunction," or "there is no basis in the record to determine the amount of a reasonable bond." *Tancogne v. Tomjai Enters. Corp.,* 408 F. Supp. 2d 1237, 1252 (S.D. Fla. 2005); *Towbin v. Antonacci,* 885 F. Supp. 2d 1274, 1295 (S.D. Fla. 2012).

14

Here, Plaintiff has a high probability of succeeding on the merits of its claims against the Entity Defendants (who have not appeared in this action). Further, no evidence was presented regarding the amount of a reasonable bond. Nor has any bond been requested by the Entity Defendants. Accordingly, the Court finds that Plaintiff should not be required to post a bond as security under the circumstances.

## D. Plaintiff's proposed special fiduciary

To remedy a breach of trust, a court may "appoint a special fiduciary to take possession of the trust property and administer the trust." Fla. Stat. § 736.1001(2)(e). "The court's power to remove a trustee and to appoint a special trustee is well settled." *Wallace v. Comprehensive Pers. Care Servs.*, 306 So. 3d 207, 210 (Fla. Dist. Ct. App. 2020). Here, it appears that Defendant Southern Lion has committed, and continues to commit, breaches of its fiduciary duties. As such, the Court finds that the appointment of a special fiduciary is appropriate to ensure the Trusts are managed properly during the pendency of this lawsuit.

Plaintiff has requested that John H. Adams, Esq. be appointed to serve as a special fiduciary of the Trusts pending final determination of

15

this case.  (Doc. 3 at p. 34; Doc. 33 at pp. 5-6).  The Court believes that Mr. Adams is qualified and suitable to serve in that capacity. Accordingly, the Court finds that Mr. Adams should be appointed as a special fiduciary.  During the time that the preliminary injunction is in place, Mr. Adams shall: (1) take possession of and manage the Trusts' assets; (2) receive all rent, proceeds, profits, and avails of the Trusts' assets; and (3) administer the Trusts according to their terms and the direction of the Court pending a final decision of the merits in this case.

## III.  Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.      Plaintiff's "Emergency Motion for Preliminary Injunction" (Doc. 3) be **GRANTED.**

2.      John H. Adams, Esq., be appointed as a special fiduciary of the Trusts.

3.      Plaintiff be required to submit a proposed preliminary injunction order within fourteen days of entry of an order adopting this Report and Recommendation.

At Pensacola, Florida, this 6th day of July 2026

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

17